**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEANNA LEE NUNN,

    Petitioner,                                    Civil No. 04-72412-DT
                                                 HONORABLE PATRICK J. DUGGAN
v.                                           UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 4, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Deanna Lee Nunn presently confined at the Scott Correctional Facility in Plymouth, Michigan filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for second-degree murder, MICH. COMP. LAWS ANN. § 750.317. On March 3, 2005, this Court dismissed the petition because the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Presently before the Court is Petitioner's "Request to File Rehearing En Banc under 6th Circuit Rule 14," filed on March 18, 2005. The Court will treat Petitioner's request as a motion for reconsideration pursuant to Local Rule 7.1(g).

Motions for reconsideration are governed by Eastern District of Michigan Local Rule

7.1(g)(3) which provides:

> **(3) Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Petitioner has not alleged any "palpable defect by which the court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3).  In Petitioner's petition for a writ of habeas corpus, she argued that because she was actually innocent, the statute of limitations should be tolled. In her Motion for Reconsideration, Petitioner concedes that tolling is not appropriate. (Mot. at 6).  However, Petitioner continues to argue that she is actually innocent.

Petitioner contends that the signed confession admitting that she shot her husband was not signed by her. (Mot. at 3, 4, 6).  However, Petitioner also made a verbal confession and pled guilty to second-degree murder.  Moreover, although Petitioner asserts that when she pled guilty to murdering her husband, she first stated that it was an "accident," (Mot. at 5), when Petitioner entered her plea:

> [T]he Court took great care to insure that defendant's plea was entered in accordance with the requirements of MCR 6.302 . . . Specifically, the defendant affirmatively stated that she was not claiming that the shooting of her husband was accidental, done in self-defense, or under any other circumstances such as in heat of passion indicating justification, excuse, or mitigation.

(Ex. to Pl.'s Mot, Op. & Or. on Def.'s Mot. for Relief from Jdgmt., No. 95-2997 (Aug. 29, 2001)).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED.**


                                                          s/PATRICK J. DUGGAN
                                                          UNITED STATES DISTRICT COURT

Copies to:

Deanna Lee Nunn, # 250168
Scott Correctional Facility
47500 Five Mile Road
Plymouth, MI 48170.

Brenda E. Turner, Esq.